JiDECUIR, Judge.
This is an appeal by Rebecca Lalonde De-Soto, plaintiff-appellant, from the judgment of the district court dismissing her request for modification of child custody and/or visitation. Plaintiff contends that the trial court erred in applying the burden of proof rule enunciated in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986); and in the alternative, that the trial court erred in finding that plaintiff failed to carry the burden of proving a change of circumstances as set forth in Bergeron, supra.
Rebecca Lalonde DeSoto and Troy William DeSoto are the parents of the minor, Robert Troy DeSoto, born February 2, 1993. The parties were divorced on February 7, 1994. Prior to the divorce, joint custody was awarded by judgment rendered on August 30, 1993, and signed on November 2, 1993. The judgment of divorce specifically provided that the judgment of November 2, 1993, “be recognized and maintained in this judgment.” Plaintiff argues that the joint custody judgment signed on November 2, 1993, is not a “considered decree” because although the trial court awarded joint custody, it did not devise a visitation plan, but left that to the parties themselves to devise. Under Berger-on, supra, when a trial court has made a considered decree of permanent custody, the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and laconvincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
Although the transcript of the original custody hearing was not made part of the record, the minute entry reflects that on August 30, 1993, “testimony and evidence” was adduced and judgment rendered awarding joint custody. At the hearing on the rule to change custody and/or visitation, plaintiff admitted by her own testimony that a hearing was held prior to the original custody decree, evidence was adduced, and the trial court awarded joint custody. Additionally, the original custody judgment reflects that the trial court “reviewed the pleadings, heard the evidence and arguments of counsel ...” In regard to the initial custody decree, the trial judge in oral reasons states that the original joint custody decree was a considered decree; that he found joint custody was “called for”; and that he simply left the details of the plan to the parties. We conclude that the original custody decree was a considered decree and therefore the burden for a modification of the original custody decree is that enunciated in Bergeron, supra.
Whether plaintiff has met the burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child, is a question of fact which will not be disturbed absent manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). Mrs. DeSoto, who admitted in testimony that she is “over-protective”, presented evidence that the child is fussy and does not sleep well upon first returning from visiting his father. The child eventually settles down to his regular routine, however, after a few days. Plaintiff *499 also contends that the child frequently experiences medical problems after returning from visitation with his father, but this testimony is unsubstantiated in the record. Plaintiff also offered the testimony of a psychologist who met with plaintiff once for one hour who was of the opinion, based upon a brief history and information provided by plaintiff, that the current joint custody arrangement was not in the best interest of the child. According to the psychologist, the child’s adjustment problems are more or less normal in cases of divorce. Our review of the record reflects no manifest error on the part of the trial judge in finding that plaintiff has failed to carry her burden of proving a change of circumstances sufficient to justify a modification of the joint custody decree.
UCosts of appeal are assessed to plaintiff-appellant.
AFFIRMED.